Mr. Justice Bradley
delivered the opinion of the Court:
I have been requested to announce the decision of the court in this case. The case comes here to be heard in the first instance upon the certificate of the justice holding the Criminal Court, upon a motion in arrest of judgment and a motion for a new trial.
The case originated in the Police Court upon an information charging the defendant with keeping an unlicensed bar. He was arraigned on the 19th of January, 1888, and pleaded not guilty; he was tried the same day, adjudged guilty and was sentenced, and from the sentence he took an appeal to the Supreme Court of the District of Columbia, and in default of $300 bail he was committed to jail. On *209 the 25th day of January he appeared in the Criminal Court with his surety, the court took his recognizance in the sum of $300 to appear at that term and the subsequent terms of the Criminal Court, and he was thereupon released from custody. On , the same day, upon his application to the justice holding the Criminal Court, his case was permitted to be docketed without the deposit of costs required by the rules of the court, and the order to that effect recites that it had been made to appear to the satisfaction of the court, by testimony in open court, that said Rubert was unable to make the required deposit. The name of the defendant given in the information was Michael Rubert. On the 31st of January his cause came on to be tried in the Criminal Court, and he then made application to the court for permission to file a plea of misnomer, claiming that his name was not Michael Hubert, as given in the information, but that his name was Michael Euberto. His application was refused, and the trial proceeded, resulting in a conviction.' Thereupon, on the 6th day of February, he filed a motion for a new trial, and also a motion in arrest of judgment. The grounds in support of the motion for a new trial are, first, because the verdict was contrary to law - and second, because the court refused to allow him to file a plea in abatement, as he had pleaded to the merits in the court below. The reasons given in support of the motion in arrest of judgment are, so far as the second reason is concerned, identical with the second* reason in support of the other motion. The first reason in support of this motion is that there was no issue joined. The court has certified these two motions to this court to be heard in the first instance, for its advice and instruction: first, had the defendant the right to file such plea; second, was it error in the court to decline to receive or consider it; and, third, should the verdict of the jury be set aside for refusing the plea.
So far as the motion in arrest of judgment is concerned, it is apparent that there is nothing in the record upon which *210 to base it. The ground given that there was no joinder of issue is not substantiated at all by the record, even if that could be used as a basis for a motion in arrest of judgment. There was a plea of not guilty entered in the Police Court, and when the case came on for trial before the Criminal Court there was no application made to withdraw that plea, but the application to the Criminal Court was simply for leave to file the plea of misnomer.
With reference to the motion for a new trial, it will be readily seen that, in the order of tilings, after having pleaded to the merits it was too late to plead in abatement, and that without considering the question whether such a plea could be offered or received in the Criminal Court. This court has no difficulty over the question as to the right to file such a jilea in the Criminal Court. Such a plea might be filed by consent, or under some circumstances it might be filed by the grace of the court, but there is no right in the defendant after his case had been tried in the Police Court and is before the Criminal Court upon an appeal, to withdraw his plea of not guilty and jilead in abatement. So that there cannot possibly be any ground for error in the trial -in the Criminal Court. This court, however, has no difficulty over the doctrine of waiver. There is no doubt that many rights of a defendant in a criminal prosecution may be waived either expressly or by implication. This defendant had Iris opportunity in the Police Court to plead in abatement. He was arraigned there under the name of Michael Rubert, and he pleaded not guilty. It was perfectly competent for him to have agreed to be tried either under the name of Michael Rubert, or under any other name, and if the circumstances of his pleading are such as to indicate an implied waiver, that may be just as absolute against him as if he had expressly waived his right. Not only did he plead not guilty in the Police Court and go to trial, and was .convicted, sentenced, and appealed under that name, but on the 25th day of January, 1888, six days there *211 after, he appeared in the Criminal Court with a surety, and his recognizance in the sum of $300 was taken under that name. Not only that, but upon the same day he made an application to the justice holding the Criminal Court for leave to docket the case without the deposit for costs, and the court in its order recites that it was made to appear by testimony in open court that said Rubert was unable to pay the docket fee. It was then too late, having repeatedly waived his right to plead in abatement, to offer to file that plea when the case came on for trial in the Criminal Court.
It is claimed that this right is a fight which the defendant has by virtue of Sec. 773 of the Revised Statutes of the District of Columbia, inasmuch as that section provides that the case shall be tried in the Supreme Court as though it “had originated therein.” This section is as follows:
“Appeals from the Police Court shall be tried on the information filed in the court below, certified to the Supreme Court, by a jury in attendance thereat, as though the case had originated therein, and the judgment in the' Supreme Court shall be final in the case.”
The original act of Congress of July 17, 1870,, Sec. 3, reads, “That prosecutions in said Police Court shall be by information under oath, without indictment by grand'jury or trial by petit jury, but any party deeming himself aggrieved by the judgment of said court may appeal to the Criminal Court, held by a justice of the Supreme Court of the District of Columbia, and in such case the appeal shall be tried on the information filed in the court below, certified to said Criminal Court, by a jury in attendance thereat, as though the case had originated therein.”
It would appear from the language of the original act, that by this section, it was not intended that a case, when appealed from the Police Court to the Criminal Court, should be tried in the Criminal Court as if there had been no trial in the Police Court, but that it should be tried in the‘Criminal *212 Court, with a jury, as if it had originated therein upon information. A slight change in the order of the words in this section would appear to indicate that appeals from the Police Court shall be tried on the information filed in the court below, certified up, by a jury in attendance thereat, as though the case had originated therein. The case having been tried in the Police Court without a jury, coming to the Criminal Court on appeal, it would seem the Legislature intended to indicate by positive language, that, upon a trial upon the appeal in the Criminal Court, the defendant should be entitled to the benefit of a trial by jury as if the case did not come there by appeal. In this case the court is of opinion that the defendant has clearly waived his right to plead in abatement.
Among several cases to like effect the court will refer to one which is found in 12 Allen, 539, the case of Commonwealth vs. Thomas Darcey. The case is identical in every particular apparently with the case now being disposed of. It appears that the defendant, being a common seller of spirituous and intoxicating liquor, was originally tried before a trial justice, bv whom he was convicted upon a plea of not guilty. The defendant thereupon appealed to the Superior Court. When arraigned in the Superior Court, before Bingham, J., the defendant proposed to plead that his true name was Dorsey, and that he was called and known by no other name than Dorsey; but the judge refused to admit such plea. The defendant was then tried and convicted, and alleged exceptions. It was claimed in argument that the appeal opened all issues of fact which were open before the trial justice. Hoar, J., says :
“ Misnomer can only be taken advantage of by a plea in abatement, and a plea of not guilty to a criminal charge is a waiver of any objection of misnomer. The appeal from the judgment of a trial justice opens the issues which were made by the defendant before him. But after a plea of not guilty, a plea of misnomer in abatement could not be made *213 before the trial justice; .and, we think, cannot be made at any subsequent stage of the case. If the defendant had pleaded in abatement before the justice, and judgment had been rendered against him upon the plea, his appeal would have re-instated him in all his rights of defense. But there is no reason why he should have a second opportunity to make a dilatory plea which he has expressly waived. He can have all the advantages resulting from an acquittal or conviction by proving, whenever it becomes material, that he is the person who was acquitted or convicted by the name to which he pleaded. And this he must do if he had been indicted and tried by his true name.”
There is nothing in this case to commend it to the court, or to justify any stretching of the ordinary rule. The motion for a new trial and the motion in arrest of judgment must be each overruled, and the case remanded to the Criminal Court for sentence or such proceedings as the justice thereof may think proper.